IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CALVIN WILLIAMS,  *

    Petitioner,  *

                                                CASE NO. 4:05-CV-152 (CDL)
VS.  *             28 U.S.C. § 2255
                                                CASE NO. 4:02-CR-38 (CDL)

UNITED STATES OF AMERICA,  *

    Respondent.  *

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Indictment was returned in this court on December 14, 2002 (R-1), charging Petitioner Williams with Possession and Unlawful Transportation of Firearms By a Convicted Felon in violation of 18 U.S.C. § 922(c) and (f). On June 27, 2003, Petitioner Williams entered into a Plea Agreement with the Government (R-12), and pled guilty to the indicted charges (R-13). The court sentenced Petitioner on October 23, 2003 to serve 200 months imprisonment, entering its Judgment thereon on October 30, 2003 (R-19). Petitioner filed no direct appeal of his conviction and sentence. More than two years later on December 19, 2005, Petitioner Williams filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-32).

**The AEDPA Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Williams judgment of conviction became final at the expiration of the 10 days following the entry of Judgment on October 30, 2003, in which he could have filed a Notice of Appeal of his conviction and sentence.  He did not file a Notice of Appeal and his judgment of conviction, therefore, became final on November 11, 2003.   The AEDPA one-year statute of limitations expired in Petitioner Williams case on November 10, 2004, thirteen (13) months before he filed his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.

Petitioner had no post conviction proceedings pending during  that time which would have tolled the running of the one-year period of limitation.  The Eleventh Circuit Court of Appeals has held that the AEDPA'S one-year limitations period for motions to vacate, set

aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States,* 177 F. 3d 1269, (11th Cir. 1999). See, *Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990) "(Federal Courts) have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *See Miller v. New Jersey State Dept of Corrections,* 145 F 3d 616, 619 (3rd Cir. 1998) (mere excusable neglect is not sufficient to toll the bar); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied,* 525 U. S. 891, 119 S.Ct. 210 (1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). An attorney's misinforming a petitioner as to the deadline for filing a federal petition does not constitute "extraordinary circumstances" warranting equitable tolling of federal habeas statute's limitations period . *Helton v. Secretary of the Department of Corrections,* 259 F.3d 1310 (11th Cir. 2001)

"The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of the Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the 11th Circuit Court of Appeals observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(1) (emphasis added).*"*

Petitioner Williams has pled no extraordinary circumstances beyond his control and unavoidable even with diligence that prevented him from filing his Motion within one year after the finality of his sentence. He states in his § 2255 Motion as his Ground One that:

> Sentence was imposed in violation of Petitioner's 5th and 6th Amendment rights. The district court increased and enhanced Petitioner's sentence based on facts not included in the indictment, proven beyond a reasonable doubt, or admitted to by Petitioner.

Petitioner is attempting to make a claim under the rules announced in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004), and in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005). However, neither of those cases or their rulings have been held to be retroactively applicable to cases on collateral review such as Petitioner's. In *Varela v. United States,* 400 F.3d 864 (11th Cir. 2005), *cert. denied* 126 S.Ct. 312, the Eleventh Circuit Court of Appeals held that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Id.,* at 868.

Petitioner's only other claim is ineffective assistance of counsel for his counsel's failure to raise the issue he suggest in Ground One of his Motion to Vacate.

Without implying that Petitioner's claims may have merit, it must be stated that Petitioner simply overslept his right to file a Section 2255 collateral attack on his sentence. While his pleadings may be given liberal construction, the Eleventh Circuit has said, "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999).

WHEREFORE, IT IS RECOMMENDED that Petitioner William's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED as beyond the AEDPA statute of limitations and therefore barred.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 27 day of December 2005.

                                S/ G. MALLON FAIRCLOTH
                                UNITED STATES MAGISTRATE JUDGE